## JONGHAUS *v.* McCORMICK.

J., plaintiff and owner of an undivided half of a piece of land, mortgaged it to
G., and subsequently conveyed it to W. and he conveyed to M. B., the as-
signee of the note and mortgage, foreclosed, making J., the mortgagor, alone
a party. Decree of foreclosure and order of sale on the twenty-second of Octo-
ber, 1857. March 7th, 1859, M. brings suit against B., J. and the Sheriff of the
county, to set aside said decree, and to cancel said mortgage on the ground of
fraud in the mortgage, and that it was a cloud on M.'s legal title. Judgment
for defendants in that suit. Subsequently the property was sold under the
order of sale above named, and one Brandt became the purchaser and in due
time received the Sheriff's deed. Brandt, May 29th, 1858, quitclaims his in-
terest in the land to defendant here for $4,000—$2,500 being paid in cash, and
a written agreement entered into between Brandt and defendant for the pay-
ment of the balance, $1,500, with interest, provided Brandt, within two and a
half years, should execute to defendant "such full and sufficient conveyances
and assurances of title to the premises hereinbefore described as shall vest in
her a complete and unclouded legal title thereto," * * and particularly
should "transfer and convey to her, by proper legal assurances, the outstand-
ing claim of title or titles" of four persons named. In case of failure on the
part of Brandt for said period to make said deeds, etc., defendant was to be
forever discharged in law and equity from paying said $1,500, or any part
thereof. Brandt had the title of these four persons conveyed to defendant
within the time mentioned, excepting that of one party which was conveyed
after the time. Plaintiff now sues for the $1,500: *Held*, that the plaintiff
cannot recover; that the agreement requires that defendant shall pay when
she receives a valid and perfect title, free from all clouds and incumbrances;
that this general provision is not restricted by the clause designating particular
persons from whom conveyances should be obtained; and that the conditions
of the agreement have not been complied with, because the legal title to the
land is still in M., who was not a party to the foreclosure suit.

*Held, further,* that the suit brought by M. against B., J. and the Sheriff to set
aside the mortgage and decree for fraud, determined nothing but the validity
of the mortgage.

APPEAL from the Sixth District.

Suit to recover $1,500 with interest, as balance due on a pur-
chase of real estate. The complaint avers in substance that on the
twenty-ninth of May, 1858, Brandt sold and conveyed by quit-
claim deed to defendant a tract of land for $4,000—$2,500 of
which was paid in cash; that on the same day Brandt and defend-
ant entered into a written agreement which is set out, and the sub-
stance of which is that the defendant covenants to pay $1,500, the
balance of the purchase money, with interest at one per cent. per

month, within two and a half years from date ; that the agreement shall be a lien, mortgage or incumbrance on the property to secure said sum and interest, " provided, nevertheless, if the party of the second part, (Brandt) his heirs and assigns, shall fail within two and one half years from the date hereof to make, execute and deliver unto the party of the first part, her executors, administrators or assigns, such full and sufficient conveyances and assurances of title to the premises hereinbefore described as shall vest in her a complete and unclouded legal title thereto, and as counsel learned in the law may devise and advise ; and in particular shall transfer and convey to her by proper legal assurances the outstanding claim of title or title of Wm. Muldrow, Julian Neuschander, Henry Thoman and John Ritschard, and such outstanding tax title for the year 1858, or any other year, as shall constitute a legal claim upon the premises hereinbefore described, then and in that event of such failure for the period aforesaid, the said party of the first part, her heirs, executors, administrators and assigns shall be forever discharged from all obligation, either in law or equity, to pay the said party of the second part, or his heirs, executors, administrators or assigns, the sum of fifteen hundred dollars with interest, or any part or portion thereof." The complaint then avers that defendant took possession of the land upon the execution of the deed ; that Brandt assigned said agreement to plaintiff, and that he in 1858 procured deeds to defendant from said Thoman and Ritschard of their interest in the land ; that during the year 1860, plaintiff procured a deed from said Julius Neuschander (*alias* Neuschaunder Julian) of his interest in the premises, and that said deeds were procured with defendant's knowledge and consent and for her benefit ; that plaintiff brought suit against said Muldrow, and by decree of Court it was declared that he had no title or interest in the land ; that in procuring said deeds and prosecuting said suit against Muldrow, plaintiff has expended eight hundred dollars ; and that he has caused all clouds to be removed from said premises, has demanded his $1,500 with interest, which defendant refuses to pay. Prayer for judgment for $1,500 with interest as aforesaid. By an amendment to the complaint, the prayer was amended so as to ask that the premises be sold to pay said sum, and for general relief.

The answer, among other things, sets up that the payment of the $1,500 was conditional upon Brandt or his assignee obtaining conveyances from the parties named in the agreement within two and a half years, and avers that plaintiff has failed so to do—the deed from Neuschander being after the time had expired; that the title to the premises is still outstanding in Julius May, and that all clouds have not been removed, etc.

The Court found " that on the third day of January, 1856, plaintiff was the owner of an undivided half of the tract of land described in the complaint; that on that day he executed a mortgage to one J. H. Gass upon the said land to secure to him the payment of the sum of $2,000; that on the ninth day of January, 1856, said Jonghaus conveyed the said land to William Walker, subject to said mortgage, who on the twenty-second day of February, 1856, conveyed the same to Julius May; that said note and mortgage were tranferred by Gass and became the property of one Alfred Borel, and that he commenced suit on the twentieth day of January, 1857, for the purpose of foreclosing the mortgage, without making May a party thereto; that a judgment of foreclosure was rendered and an order of sale of the premises made on the twenty-second of February thereafter; that on the seventh day of March, 1857, May commenced suit against said Borel, Jonghaus and W. S. White, the then Sheriff of said county, for the purpose of setting aside said judgment of foreclosure and canceling said mortgage, upon the ground that the mortgage was fraudulent and a cloud on the legal title to said premises; that on the trial of said cause the relief prayed for was denied, and judgment rendered in favor of the defendants for costs of suit; that said property was afterwards sold under said order of sale, and that one John Brandt became the purchaser, and after the expiration of the time limited for redemption received a Sheriff's deed therefor; that on the twenty-ninth of May, 1858, Brandt conveyed to defendant by quit-claim deed, all his right and interest in the premises for $4,000; that at the same time Brandt and the defendant McCormick entered into the agreement set out in the complaint, by which $2,500 was then and there paid to said Brandt, and the remaining sum of $1,500 was to be paid within two and a half years from that date

with one per cent. per month interest until paid, provided said Brandt should within two and a half years remove all clouds which might affect the title to said land, and particularly should cause to be conveyed to said defendant all the interest or title in or to said premises of Julius Neuschander (now known as Julian Neuschander) John Ritschards and Henry Thoman, and should procure and cause to be conveyed the title of one William Muldrow to said premises, or shall remove the cloud occasioned by the claim of title by said Muldrow to the same, and should also remove all liens or clouds occasioned by sales for taxes for the year 1856, or prior thereto ; that upon the sale of said premises by Brandt to the defendant, or rather his interest therein, she entered into possession of the same and has held them since that time ; that immediately after the execution of said agreement Brandt assigned the same to the plaintiff ; that pursuant to its provisions plaintiff procured from Thoman and Richards deeds of conveyance during the year 1857, whereby they conveyed each of·them to the defendant all their interest in said property ; that during the year 1859 plaintiff caused to be instituted a suit against William Muldrow to remove the cloud upon the title to said premises occasioned by his asserting title thereto, and that during the month of October, 1860, the cause was tried in said Court, and by a decree thereof the cloud was removed and Muldrow perpetually enjoined from asserting title thereto ; that defendant received the deeds of Thoman and Ritschards in performance of the covenants in said agreement, and that said deeds were duly recorded in said county ; that she had a full knowledge of the pendency of said suit in·her name, and also of the efforts of the plaintiff to procure the said deeds, and also a deed from said Julian for his interest in said premises, and assented thereto ; that plaintiff procured a deed from said Julian to the defendant for his interest in said land on the thirtieth day of November, 1860, which was delivered to J. H. Gass, the attorney of Jonghaus, for the benefit of the defendant, but that said last named deed was not executed or delivered until after the expiration of the two and a half years mentioned in the agreement ; that said deed was tendered to the defendant by the plaintiff on the thirteenth of March, 1861, at which time the plaintiff demanded payment of the

$1,500 mentioned in said agreement and the interest due thereon; that I. J. Ritschards and John Ritschards or Richards are one and the same person, and that Julius Neuschander and Neuschander Julian and N. D. Julian are one and the same person; that there were no liens or incumbrances on said property for taxes, or outstanding titles, or. claims for taxes assessed for the year 1858, or prior thereto, and no such lien or incumbrances existed at the date of the commencement of this suit; that the plaintiff expended the sum of eight hundred dollars in prosecuting said suit against Muldrow and procuring said three deeds for the defendant.

Upon these facts, the Court below held: first, that the legal title to the interest of Jonghaus in the premises, on the ninth of January, 1856, being now in May, and he not being a party to the foreclosure suit, the decree therein was void as to him, and that May's interest is a cloud upon defendant's title; second, that time was of the essence of the agreement of May 29th, 1858, between Brandt and defendant, and that as plaintiff failed to procure the deed of Julian until November 30th, and failed to procure the title of May, he had not complied with the agreement; third, that $1,500 was intended to be the full penalty for failure to remove all clouds from the title to said property, and that as plaintiff had procured a conveyance to defendant of the interests of Thoman, Richards and Julian, being an undivided half, at an expense to him. of eight hundred dollars, defendant could not retain said interests; fourth, that plaintiff is entitled to have reconveyed to him by defendant the interests of Thoman, Richards and Julian, and that upon her failure so to convey, plaintiff to have judgment for the $1,500, with the interest as stipulated from May 29th, 1858; fifth, that said agreement constitutes a mortgage or lien on the premises, and that plaintiff is entitled to an order for the sale thereof, and application of the proceeds to the payment of said sum.

Accordingly, plaintiff having submitted to defendant to elect whether she would convey to plaintiff the interest acquired by her from Thoman, Richards and Neuschander, *alias* Julian, or pay plaintiff $1,500, with one per cent. interest from May 29th, 1858, and defendant having refused both alternatives, and plaintiff having thereupon elected to take said money, judgment was entered in

favor of plaintiff and against defendant for $1,500, with said interest; and it was further ordered, that the premises be sold as in case of mortgages, and the proceeds applied to said judgment, the surplus to go to defendant.    Plaintiff appeals.

*Thos. Sunderland*, for Appellant.

1. The action is at law, for the recovery of $1,500 and interest. The complaint and answer fully sustain this proposition.   The complaint sets up a contract, and avers a compliance with the same in all particulars.   The answer traverses so much of the complaint as is untrue, and sets up the title in May, and avers that the payment of the $1,500 was to be made only on condition that a good title was conveyed to defendant; and denies that the deed from Neuschander had been tendered within the time named in the contract. There is no claim anywhere for equitable relief.   There is no excuse for failure to produce the deed from Neuschander in time, and no offer to procure a deed from May.   And yet the Court found that plaintiff was entitled to have reconveyed to him by defendant all the interest conveyed to him by Richards, Thoman and Neuschander, where no such issue was made, and nothing of the kind asked for by the plaintiff; when the simple question was, Had the plaintiff complied with the contract of May 29th, 1858 ?

2. The contract sued on required the plaintiff's assignor to make a good title to the whole premises before he could maintain a suit. The Court finds that May owns the undivided half of the premises. The findings of the Court are all in favor of the defendant, but the judgment is against her.

3. The contract required the conveyance of a good title within two and a half years.   The plaintiff's proof and the finding of the Court show that the deed of Neuschander was not tendered until. March 13th, 1861.   The time expired on the twenty-eighth of November, 1860.   The condition of the contract is, that if such title is not procured to be conveyed to defendant in two and a half years from May 28th, 1858, the defendant was to be " forever discharged from all obligation, either in law or equity, to pay to the said party of the second part, or his heirs, etc., the sum of $1,500, with interest, or any part or portion thereof."

43

4. There is no tender of deeds from May.

5. The plaintiff assigns no reason for his failure to procure deeds from May and Neuschander within two and a half years. The Court having found that Neuschander owns one-sixth and May one-half of the premises, and that the deed from the former was tendered nearly four months after it was due by the contract, and none from May, it becomes necessary to show some excuse for the failure to procure those deeds.

. *H. Gass* and *H. O. & W. H. Beatty*, for Respondent.

1. The contract about the Richards, Thoman and Neuscander title is disconnected with the quitclaim deed. The one is a contract to purchase from Brandt a certain interest, if he should hereafter require it; the other is a deed for a certain present supposed interest. Defendant says: "If you will procure me a deed from three parties, within two and a half years, remove the cloud of Muldrow's title and the tax sales, and satisfy me that I have a perfect title to this property, I will pay you $1,500."

Brandt does remove the cloud of Muldrow's title and the tax sales; he does procure the three outstanding titles—two of them within two and a half years, and the third within two days after the expiration of that time, and asks for his $1,500. The defendant says: "I will not pay, because you did not get the three deeds within two and a half years, and because I am not satisfied I have a good title." "Then," says the plaintiff, (assignee of Brandt) "return me the title I got for you from Thoman, Richards and Neuschander, and you may keep the $1,500." And there is no principle of law which would take from the plaintiff both his land —acquired by means of these three deeds—and the money he was to receive for it.

If the defendant had never accepted a conveyance from either Richards, Thoman or Neuschander, up to the end of the two and a half years, then perhaps she could abandon the whole contract, and refuse to pay anything under it. But having accepted two of the deeds, and made no complaint of defect of title in any other respects, a Court of Equity will compel specific performance upon the tender of the third, unless defendant alleges and shows

Jonghaus *v.* McCormick.

some defect of title discovered since the other two deeds were accepted.

But we do not insist on so much.    We give the option to the defendant to take the third deed and pay us the $1,500, or else to redeed what had been deeded to her—by our procurement—by Thoman and Richards.

2.  But it is contended that plaintiff cannot recover because the title to the other half of the property was not good.   If there was any defect of title, notification of that fact had to come from the defendant.   It was her duty, if she was not satisfied with the title, to notify plaintiff, tender him back the title he had acquired from Thoman and others, and say she would not pay the $1,500, because even with these conveyances she did not have a good title. But whatever may be the rule in actions at law—we admit that there is a conflict of authorities—in a Court of Equity there cannot be found a case where the purchaser of real estate has been allowed to keep the land and refuse all compensation for it.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action to recover a balance of the purchase money for certain real estate in the city of Sacramento.   The suit is upon an agreement, the purport of which is that the defendant will pay on receiving a valid and perfect title to the property.   The general provision to that effect is not restricted by the clause designating particular persons from whom conveyances or relinquishments should be obtained.   The intention was that all clouds and incumbrances should be removed before the defendant could be called upon to pay.   The findings of the Court show very clearly that this condition of the agreement has not been complied with.   In fact, they show that the legal title has never passed; that the person from whom the defendant purchased had at most but an equitable interest.   His claim was acquired under a judgment of foreclosure; and it appears that the holder of the title was not a party to the foreclosure suit.   Of course, as against the latter, the judgment was a mere nullity.   The title is still outstanding, and must be obtained either by negotiation or by the usual process of foreclosure and

sale. The suit brought to set aside the judgment determined nothing but the validity of the mortgage. The position of the respondent upon the question of time is undoubtedly correct.

Judgment reversed, and cause remanded for a new trial.